IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON LEE AUDETTE,<br><br>                    Petitioner,<br><br>     vs.<br><br>D. K. SISTO,[1] Warden, Solano State Prison,<br><br>                    Respondent. | No. 2:06-cv-00738-JWS<br><br>ORDER<br>[Re:  Motion at Docket No. 12] |

  At Docket No. 12 Petitioner Carlton Lee Audette, a state prisoner appearing *pro se*, has moved for an order staying this action and holding it in abeyance while he exhausts his state court remedies on previously unasserted claims.  Audette also requests leave to file an amended petition upon exhaustion of his claims in the state courts.  Respondent has not opposed the motion.

  Where a petitioner files a "mixed" petition, one containing both exhausted and unexhausted grounds, the court may stay and hold in abeyance the action permitting the petitioner to return to state court to exhaust his unexhausted claims without losing his right to federal habeas review due to the relevant one-year limitation period;[2] provided the petitioner shows good cause for his failure to exhaust.[3]  In this case, Audette has not filed a "mixed" petition; his petition does not contain any unexhausted claims.  The claims Audette now attempts to assert are entirely new.  Thus, the "stay and abey" procedure is inapplicable.  Only if the new

---

[1] D. K. Sisto, Warden, Solano State Prison, is substituted for Chris Chrones, Acting Warden, Kern Valley State Prison.  Fed. R. Civ. P. 17(d).

[2] 28 U.S.C. § 2244(d)(1).

[3] *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005).

claims relate back to the original petition could Audette escape the effect of the one-year limitation period.

An amended habeas corpus petition relates back to the original pleading when it "[arises] out of the same conduct, transaction, or occurrence."[4]  A new claim in an amended petition relates back to avoid a limitations bar, when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition. It is not enough that the new argument pertains to the same trial, conviction, or sentence.[5] Although Audette has not included a proposed Amended Petition setting forth the new claims, as identified in the motion it is obvious those claims do not arise from the same core of operative facts as set forth in the original petition.  Accordingly, the one-year limitation period applies and would bar the new claims.[6]

IT IS THEREFORE ORDERED THAT the Motion to Stay and Abey with Leave to File Amended Petition at Docket No. 12 is DENIED.

Dated: December 5, 2008.

s/ John W. Sedwick<br>
JOHN W. SEDWICK<br>
United States District Judge

---

[4] Fed. R. Civ. P. 15(c)(2).

[5] *Mayle v. Felix*, 545 U.S. 644, 657 (2005).

[6] *Hebner v. McGrath*, 543 F.3d 1133, 1139 (9th Cir. 2008).