IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON LEE AUDETTE,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>D. K. SISTO, Warden, Solano State Prison,<br><br>　　　　　　Respondent. | No. 2:06-cv-00738-JWS<br><br>MEMORANDUM DECISION |

　　　　Petitioner Carlton Lee Audette, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Audette is in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Solano State Prison, Solano, California.

I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　Audette was convicted after a jury trial in the Shasta County Superior Court of attempted second-degree robbery (Cal. Pen. Code §§ 211, 664 – Count 1), possession of methamphetamine (Cal. Health & Saf. Code § 11377 – Count 2), transportation of methamphetamine (Cal. Health & Saf. Code § 11379 – Count 3), and misdemeanor possession of an injecting device (Cal. Health & Saf. Code § 11364 – Count 4).  Audette was sentenced to a term of 63 years to life on Count 1 (six five-year enhancements added to a term of 33 years to life) and a consecutive term of 25 years to life on Count 3.  A sentence of 25 years to life was imposed on Count 2 but stayed (Cal. Pen. Code § 654).  Time served was credited for Count 4.  The total sentence imposed was 88 years to life.

　　　　Audette, represented by counsel, timely appealed his conviction to the California Court of Appeal, Thrird District, which reversed the conviction on Counts 2 and 3 and affirmed the

conviction on Counts 1 and 4 in an unpublished reasoned decision.[1]  The California Supreme Court summarily denied review without opinion or citation to authority on January 20, 2006. Audette timely filed his petition for relief in this Court on April 5, 2006.

## II.  ISSUES RAISED/DEFENSES

In his petition Audette raises three grounds:  (1) the trial court abused its discretion in admitting evidence of an uncharged robbery in violation of his constitutional rights to due process and a fair trial; (2) use of a 50,000 volt REACT belt attached to his leg during trial violated due process, to a fair trial, and to assist in his defense; and (3) reversal of the conviction of the narcotics charges requires the grant of a new trial.

Respondent concedes that Audette has exhausted his state court remedies as to all grounds asserted.  Respondent contends that habeas review by this Court as to the second ground is procedurally barred.

## III.  STANDARD OF REVIEW

Because Audette filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it

---

[1] Available on line 2005 WL 2790150.

[2]  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[3] *Williams v. Taylor*, 529 U.S. at 412.

cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4] When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[5] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[6] Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[7]

In applying this standard, this Court reviews the last reasoned decision by the state court,[8] which in this case was that of the California Court of Appeal.  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[9]

When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and performed an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[10]  The scope of this review is for clear error of the state court ruling on the petition:

---

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S.Ct. 743, 746-47 (2008) (per curiam); *Moses v. Payne*, 543 F.3d 1090, 1103 (9th Cir. 2008) (holding that where the Supreme Court has not directly considered an issue, the decision of a state court cannot be contrary to or an unreasonable application of clearly established Supreme Court precedent).

[5] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[6] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S.Ct. 1933, 1939 (2007).

[7] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[8] *Ylst v Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

[9] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[10] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

ORDER [Re:  Motion at Docket No. 12]
*Audette v. Chrones*, 2:06-cv-00738-JWS                    3

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . . Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. Only by that examination may we determine whether the state court's decision was objectively reasonable.[11]

## IV. DISCUSSION

Ground 1: Admission of Uncharged Robbery Evidence.

Audette contends the trial court erred in admitting certain evidence related to an uncharged attempted robbery at a Jiffy Food Store. The California Court of Appeal agreed, but held that the error was harmless.

> Although defendant emphasizes the weaknesses in the case against him, the evidence against defendant was strong. Albert T. was certain in his identification of defendant as the attempted robber. Other witnesses identified defendant's car as the one they saw leaving the scene. The license plate on defendant's car matched the partial license number given by one of the witnesses. Clothing similar to that described by witnesses was found along the highway along the route defendant traveled. When officers asked defendant if he would be willing to go back to the store so that the witnesses could look at him, he agreed, adding somewhat oddly, "[T]hey will probably say it was me even though I didn't do it."
>
> Given this evidence, the erroneous admission of evidence relating to the uncharged Jiffy Food Store incident cannot be deemed prejudicial. It is not reasonably probable that defendant would have received a more favorable result had this evidence been excluded. (See *People v. Malone* (1988) 47 Cal. 3d 1, 22; *People v. Bryden* (1998) 63 Cal. App.4th 159, 182.)

Under the facts and circumstances of this case, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[12] Nor can this Court find that the state court unreasonably applied the

---

[11] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[12] 28 U.S.C. § 2254(d).

correct legal principle to the facts of Audette's case within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  In particular, this Court cannot find that the error, even if of constitutional magnitude, had a substantial and injurious effect or influence in determining the jury's verdict.[13]

Audette is not entitled to relief under his first ground.

Ground 2:  Use of 50,000 Volt REACT Belt.[14]

Audette asserts the court erred in requiring him to wear a REACT (stun) belt during trial. He contends the use of this restraint violated his constitutional rights to due process, to a fair trial, and to assist in his own defense.  The California Court of Appeal held that the claim was not properly before it.

> As defendant correctly notes, an analysis of whether a stun belt is appropriate depends in large part on the same criteria that govern other physical restraints. That is, there must be a showing on the record that there is a manifest need for restraints, supported by evidence of a threat of violence or other nonconforming conduct by the defendant.  A court's determination of the need for restraints must be based on its independent evaluation of this evidence, and that decision will be upheld absent a manifest abuse of discretion. (*People v. Mar* (2002) 28 Cal.4th 1201, 1216-1220, 1228, 1229-1230.)
>
> Defendant asserts the record is devoid of any evidence that the trial court engaged in the requisite analysis, and therefore the court erred in requiring him to wear a stun belt.  We acknowledge that this evidence is missing from the record. However, the record is also missing any objection from defendant and, in fact, is virtually devoid of evidence that defendant wore a stun belt.  Defendant's failure to raise this matter in the trial court precludes our consideration of the matter on appeal.

---

[13] *Fry v. Pliler, supra*.

[14] A Remote Electronically Activated Control Technology (REACT) belt is a remotely operated electronic restraint device designed to cause an electric shock that will disorient, temporarily immobilize and stun a person without causing permanent injuries.  Stun belts are used by the Sheriff's staff to control high-risk defendants in court, during transportation, and in other prison contexts.  The belts are usually worn under a prisoner's clothing while in the courtroom. *See Hawkins v. Comparet-Cassani*, 251 F.3d 1230 (9th Cir. 2001) (a 42 U.S.C. § 1983 civil rights action discussing the use of a REACT belt in courtrooms by the Los Angeles County Sheriff's office and declining to find a *per se* violation of the Sixth Amendment when used for security purposes, but not to control courtroom disruption).

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.[15] This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims · · ·."[16] "[I]n order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default."[17] "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner."[18]

Under California law, because Petitioner failed to object to the use of the REACT stun belt, it is forfeited.[19] Although he argues that the California Court of Appeal erred in finding that his *pro se* objection made in connection with his post-conviction motion for a new trial, Audette does not assert that the California rule is not an adequate and independent state ground, *i.e.*, that it is not "clear, consistently applied, and well established." Consequently, Audette has failed to carry his burden. The failure to object to the use of restraints during trial constitutes a waiver of the issue for purpose of habeas relief.[20] "The reason for this rule is clear: if the defendant has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation."[21]

---

[15] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[16] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[17] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotations marks and citation omitted).

[18] *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

[19] *People v. Tuilaepa*, 842 P.2d 1142, 1150 (Cal. 1992) ("It is settled that the use of physical restraints in the trial court cannot be challenged for the first time on appeal. Defendant's failure to object and make a record below waives the claim here.")

[20] *See Estelle v. Williams*, 425 U.S. 501, 512–13 (1976).

[21] *Id.*, 425 U.S. at 508 n.3.

The Court agrees with Respondent that, because Audette's claim was defaulted in state court on an adequate and independent state ground, it will not be considered in federal habeas proceedings unless Petitioner can demonstrate cause for the default and actual prejudice.[22]

In his traverse, Audette raises, as he did before the California Court of Appeal, that the failure of counsel to object to the use of the stun belt constituted ineffective assistance of counsel.  Although this Court does not ordinarily address issues raised for the first time in a traverse,[23] it will address that issue.  In rejecting Audette's claim, the California Court of Appeal held:

> "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant."( *People v. Scott* (1997) 15 Cal. 4th 1188, 1211.) "If a defendant has failed to show that the challenged actions of counsel were prejudicial, a reviewing court may reject the claim on that ground without determining whether counsel's performance was deficient. [Citation.]  If the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.'" (*People v. Kipp, supra,* 18 Cal. 4th at pp. 366-367.)
>
> The record before us does not demonstrate ineffective assistance of counsel. Defendant asserts his attorney should have raised this matter in order to ensure that there was an appropriate evidentiary basis for the use of restraints.  But even if such a hearing had been held, the court may nonetheless have decided that a stun belt or other form of restraint was appropriate.  And defense counsel may have preferred the use of a stun belt to other restraints that would be visible to the jury.  Tactical decisions do not generally evidence ineffective assistance of counsel.  (*People v. Hart* (1999) 20 Cal. 4th 546, 623.)
>
> In any event, defendant cannot establish prejudice.  Even if a stun belt had not been utilized, there is no basis to conclude that the result would have been more favorable to defendant.  Defendant has not explained what would have been different about the conduct of the trial that would have led to a different result. The record does not disclose that the use of the stun belt prevented defendant from

---

[22] *See Coleman v. Thompson,* 501 U.S. at 729.

[23] *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

consulting with his attorney or making his opinions known.  In fact, defendant presented the court with a document outlining errors he believed had occurred at trial.  Defendant did not testify at trial, but there is nothing in the record that indicates that this decision was predicated on the fact that defendant was required to wear the stun belt.  Even if counsel had raised this issue and the court had decided that no restraints were required, strong evidence of defendant's guilt was presented at trial.  Under those circumstances, defendant cannot establish that a more favorable result would have ensued, and his claim of ineffective assistance of counsel therefore fails.  (*See People v. Tuilaepa, supra,* 4 Cal. 4th at pp. 584-585.)

To demonstrate ineffective assistance of counsel, Audette must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[24]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[25]  Audette must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[26]

In its decision the California Court of Appeal applied the same standard as that used by the Supreme Court.  This Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[27]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Audette's case; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Audette has failed to overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance.   In particular, this Court cannot find that the determination

---

[24] *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

[25] *Id.*

[26] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[27] 28 U.S.C. § 2254(d).

that counsel's performance was not within the range of competence demanded of attorneys in criminal cases or that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.

Audette is not entitled to relief on his second ground.

Ground 3:  Effect of Reversal of Narcotics Charges.

Audette contends that reversal of the conviction on the narcotics charges entitles him to a new trial on the remaining charges. Although Respondent appears to eschew failure to exhaust as an affirmative defense, it does not appear from the record that this issue was either raised before or discussed by the California state courts.

The Ninth Circuit in addressing a habeas petition recently held:[28]

> [T]he propriety of consolidation rests within the sound discretion of the state trial judge. Thus, we will not grant habeas relief unless the joinder actually render[ed] petitioner's state trial fundamentally unfair and hence, violative of due process. The requisite level of prejudice is reached only if the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict.

Audette, without reference to any supporting factual basis, baldly asserts that the narcotics charges influenced the jury on the remaining charges. The burden is on Audette, the petitioner, to prove his case by a preponderance of the evidence.[29] Mere conclusory or speculative statements are insufficient to warrant the granting of habeas relief by this Court.[30]

Audette is not entitled to relief under his third ground.

V.  CONCLUSION and ORDER

Audette is not entitled to relief under any grounds raised in the petition. Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

---

[28] *Comer v. Schriro*, 480 F.3d 960, 985 (9th Cir. 2007) (internal quotation marks and citations omitted).

[29] *Johnson v. Zerbst*, 304 U.S. 458, 469 (1938); *McKenzie v. McCormick*, 27 F.3d 1415, 1418–19 (9th Cir. 1994).

[30] *Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[31] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated: January 29, 2009.

s/ John W. Sedwick<br>JOHN W. SEDWICK<br>United States District Judge

---

[31] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).